IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | CASE NO. 16-50552 |
| PALMAZ SCIENTIFIC INC., | § | |
| | § | Chapter 11 |
| Debtor. | § | |
| | § | |

### DEBTORS' EMERGENCY MOTION FOR JOINT ADMINISTRATION

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

Now come debtors Palmaz Scientific Inc. ("**PSI**"), Advanced Bio Prosthetic Surfaces, Ltd., a Texas limited partnership ("**ABPS**"); ABPS Management, LLC ("**ABPS Management**"); and ABPS Venture One, Ltd., a Texas limited partnership ("**ABPS Venture**") (collectively, "**Debtors**") and state:

### I.
### RECOGNIZED FIRST DAY MOTION

1. Pursuant to the Bankruptcy Court for the Western District of Texas' Standing Order on First Day Motions in Chapter 11 Cases, Order No. 01-4, this motion is a recognized first day motion (4. Motion for Joint Administration), which should be automatically set without the need for a motion for expedited or emergency consideration.

2. Debtors are contemporaneously filing a Notice of Designation as Complex Chapter 11 Case pursuant to L.Rule 1020.1 and Exhibit A to the Local Rules because Debtor's total debt exceeds $10 million and there are more than 50 parties in interest in this case.

3. Debtors are contemporaneously filing a Request For Emergency Consideration Of Certain "First Day" Matters pursuant to Exhibit A to the Local Rules, citing that Debtor believes

this case qualifies as a Complex Chapter 11 Case and that Debtor needs emergency consideration of this Motion.

## II.
## ONE MOTION ONLY

4. Pursuant to the Bankruptcy Court for the Western District of Texas' Standing Order on First Day Motions in Chapter 11 Cases, Order No. 01-4, a motion for joint administration need only be filed in the affiliated case under which all debtors will be administered. Accordingly, Debtors have not filed this Motion in each of their chapter 11 cases, but have instead filed it in this case only.

## III.
## JURISDICTIONAL, CORE, AND VENUE ALLEGATIONS

5. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

## IV.
## SUPPORT FOR THIS MOTION

6. Debtors rely on the record in this case, including judicial notice of the filings in this case, any evidence provided at any hearing on this Motion, and the following exhibits:

| Ex  | Description | Comment |
| --- | --- | --- |
| P-1 | Proposed "Order Granting Debtors' Motion For Joint Administration" with its Exhibit A | Complies with L.Rule 1015 |

## V.
## BACKGROUND

**A.     The Debtors**

7. Palmaz Scientific Inc. ("**PSI**") is a Delaware corporation formed on February 12, 2008. PSI has two wholly-owned subsidiaries: Advanced Bio Prosthetic Surfaces, Ltd., a Texas limited partnership ("**ABPS**") and ABPS Management, LLC ("**ABPS Management**"). ABPS

owns 80% of ABPS Venture One, Ltd., a Texas limited partnership ("**ABPS Venture**"). The other 20% of ABPS Venture is owned by Dr. Steve Bailey..

B. **Chapter 11 Voluntary Petition Filed**

8. On March 4, 2016 ("**Petition Date**"), PSI, ABPS, ABPS Management, and ABPS Venture as debtors each filed voluntary petitions commencing voluntary chapter 11 cases. Dkt. 1.

9. Debtors continue to manage and operate its business as debtors-in-possession pursuant to §§ 1107 and 1108 of the Bankruptcy Code. No creditors' committee has been appointed in these cases by the United States Trustee. Further, no trustee or examiner has been requested or appointed.

C. **Declaration**

10. A description of the background of Debtors and the events leading up to the filing of the voluntary petitions by Debtors is provided in the Unsworn Declaration Under Penalty of Perjury of Dr. Eugene Sprague in Support of First Day Pleadings ("**Declaration**") which is incorporated by reference herein.

D. **Joint Administration Requested**

11. Debtors seeks joint administration of the chapter 11 cases of PSI, ABPS, ABPS Management, and ABPS Venture.

## VI.
## ARGUMENT AND AUTHORITIES

A. **Rule 1015**

12. Fed. R. Bankr. P. 1015(b) provides in pertinent part:

> (b) Cases Involving Two or More Related Debtors. If a joint petition or two or more petitions are pending in the same court by or against . . . (4) a debtor and an affiliate, the court may order a joint administration of the estates. Prior to entering an order the court shall give consideration to protecting creditors of different estates against potential conflicts of interest. . . .

13. Fed. R. Bankr. P. 1015(c) provides in pertinent part:

> (c) Expediting and Protective Orders. When an order for consolidation or joint administration of a joint case or two or more cases is entered pursuant to this rule, while protecting the rights of the parties under the Code, the court may enter orders as may tend to avoid unnecessary costs and delay.

14. The four Debtors are "affiliates" as that term is defined under 11 U.S.C. § 101(2).

15. The benefits of joint administration are: (a) no need for duplicative notices, motions, applications, and orders; (b) relieves a burdens on the Court in that one judge will preside over all the related estates, and duplicative orders and docket entries will not be required; (c) less burden on the parties in interest, who will not have to monitor four separate cases; and (d) attendant cost savings for the estate and parties in interest. Thus, joint administration will avoid unnecessary costs and delay.

16. The rights of the parties will be protected. As required by local rule, the attached "**Exhibit P-1**" is a form of Order Granting Debtors' Motion For Joint Administration and provides, among other things:

> (1) Nothing contained in this Order shall be construed as directing or otherwise effecting a substantive consolidation of the bankruptcy cases of Debtors; it is the Court's intention to jointly administer the bankruptcy cases of the Debtors for procedural purposes only, . . . (6) All proofs of claim shall be filed under the case number representing Debtor's estate against which the claim is made," . . . (7) Each of Debtors shall (a) file separate monthly operating reports; (b) maintain separate financial accounts and records; (c) not be liable for the claims against any of Debtors by virtue of this Order; and (d) file separate Bankruptcy Schedules and Statements of Financial Affairs; . . . (9) Debtors shall file a master service list in *In re Palmaz Scientific Inc.*, Case No. 16-50552 which includes all creditors, persons filing Notices of Appearances, and all parties- in-interest in all the debtor's jointly administered cases for future noticing requirements.

**B.** **L. Rule 1015**

17. Following are the requirements of L. Rule 1015 and compliance with the same:

**The name and case number of each case sought to be jointly administered. L.Rule 1015(1).**

| Name of Debtor | Case No. |
|---|---|
| Palmaz Scientific Inc. | 16-50552 |
| Advanced Bio Prosthetic Surfaces, Ltd. | 16-50555 |
| ABPS Management, LLC | 16-50556 |
| ABPS Venture One, Ltd., | 16-50554 |

**The proposed style and case number to be used on subsequent pleadings if joint administration is ordered. L.Rule 1015(2).** This is provided as Exhibit A to the Exhibit P-1 proposed form of order and is reprinted below:

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | |
|---|---|
| **In re:** § § **PALMAZ SCIENTIFIC INC.,** § § Debtor. § § | **CASE NO. 16-50552** **Chapter 11** |
| **In re:** § § **ADVANCED BIO PROSTHETIC SURFACES, LTD.,** § § Debtor. § | **CASE NO. 16-50555** **Chapter 11** |
| **In re:** § § **ABPS MANAGEMENT, LLC,** § § Debtor. § § | **CASE NO. 16-50556** **Chapter 11** |
| **In re:** § § **ABPS VENTURE ONE, LTD.,** § § Debtor. § § | **CASE NO. 16-50554** **Chapter 11** **(Jointly Administered Under 16-50552)** |

**A summary of any administrative or scheduling orders previously entered in the affected cases which may require modification. L.Rule 1015(3).** None.

**The need to propose amendments or consolidation of mailing lists in the affected cases for future noticing requirements. L.Rule 1015(4).** A separate motion to limit service has been contemporaneously filed.

**A party seeking consolidation or joint administration must use the form of order prescribed by the Court on the Court's website at: http://www.txwb.uscourts.gov/node/95. L.Rule 1015.** The prescribed form of order is attached hereto as Exhibit P-1.

## VII.
## PRAYER

WHEREFORE, Debtors request that this Court grant their Motion for Joint Administration, and grant such other and further relief to which Debtors may be entitled both at law and in equity.

Dated: March 4, 2016

Respectfully submitted,

**NORTON ROSE FULBRIGHT US LLP**

By */s/ Michael M. Parker*
    Michael M. Parker
    Bar No. 00788163
    michael.parker@nortonrosefulbright.com
    Steve A. Peirce
    Bar No. 15731200
    steve.peirce@nortonrosefulbright.com

300 Convent Street, Suite 2100
San Antonio, TX 78205-3792
Telephone: (210) 224-5575
Facsimile: (210) 270-7205

**PROPOSED COUNSEL FOR DEBTORS**

## CERTIFICATE OF SERVICE

I hereby certify that contemporaneously with the filing of the foregoing, I directed noticing agent UpShot Services, LLC to serve a copy of the foregoing on parties in interest in this case. Debtors will supplement this certificate of service with a copy of such service list.

*/s/ Michael M. Parker*